---

(8 Misc. Rep. 550.)

### In re PARK'S ESTATE.

(Surrogate's Court, Westchester County. May, 1894.)

SURROGATES—JURISDICTION · REFUNDING TRANSFER TAX.

Under Laws 1892, c. 399, § 10, declaring that the surrogate "shall have jurisdiction to hear and determine all questions arising under the provisions of this act, and to do any act in relation thereto authorized by law to be done by a surrogate in other matters or proceedings coming within his jurisdiction," a surrogate has power to direct a transfer tax to be refunded while it is still in the hands of the county treasurer.

Application by Mary E. Field for an order directing a tax imposed under the transfer tax act to be refunded. The legacy was appraised at $10,000, and the tax was fixed at $500. Granted.

Jonathan Marshall, for Mary E. Field, legatee.
John Hoag, county treasurer, in pro. per.

COFFIN, S. The amount of the tax not having been paid into the state treasury, as is conceded, but still remaining in the hands of the county treasurer, the question arises whether the surrogate

has power to direct him to refund it. Section 10 of chapter 399 of the Laws of 1892 declares that the surrogate "shall have jurisdiction to hear and determine all questions arising under the provisions of this act, and to do any act in relation thereto authorized by law to be done by a surrogate in other matters or proceedings coming within his jurisdiction." It is within his jurisdiction to order the county treasurer to pay money to minors on coming of age, or for their benefit, to others, while they are still minors. If it should be found that a sum of money had, on an accounting, been directed to be paid to the county treasurer for the benefit of a supposed minor, and was paid accordingly, and it should afterwards be made to appear that the supposed minor was of full age before the commencement of the proceeding, the surrogate would have power to correct the decree and to order the county treasurer to refund the money; and so, in case an amount in excess of the real amount were paid to him, the surrogate would have power to direct the refunding of such excess. Other illustrations of the power of the surrogate "in other matters or proceedings coming within his jurisdiction" might be given, but these will suffice to show that the jurisdiction to make the order sought exists. If the tax had been paid to the state treasurer, then another and different question would have arisen. It seems that the matter of the refunding would pass entirely into the hands of the state comptroller, and it would be for him alone to determine, under the provisions of the latter clause of section 6, whether the proof presented to him was sufficient to establish the fact of the erroneous or illegal payment. In that case he would act judicially, and that is the only instance in which he could so act under the provisions of that law. By section 6, above referred to, it is enacted that:

"If any debts shall be proven against the estate of a decedent after the payment of any legacy or distributive share thereof, from which any such tax has been deducted, or upon which it has been paid by the person entitled to such legacy or distributive share, and such person is required to refund the amount of such debts, or any part thereof, an equitable proportion of the tax shall be repaid to him by the executor, administrator or trustee, if the tax has not been paid to the county treasurer, comptroller of the city of New York, or to the state treasurer, or by such treasurer, comptroller or state treasurer, if such tax has been paid to him."

Now, who can compel the executor, administrator, trustee, county treasurer, or comptroller of the city of New York to repay such equitable proportion, dum fervet opus, but the surrogate of the proper county? No other method is pointed out than that conferred upon that official by section 10 referred to above. The comptroller of the state is clothed with no power in this respect, and it must exist somewhere, or there is no machinery provided for enforcing a compliance. But, when the tax shall have been actually paid into the state treasury, then, and not until then, the state comptroller, under section 6, is for the first time invested with authority to refund, or to order a refunding, in the mode there prescribed. An order may be entered directing the county treasurer to refund the amount of the tax.